```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LORA SZYMIALIS, on her own behalf
and others similarly situated,

                Plaintiff,

vs.                              Case No.   2:11-cv-672-FtM-29DNF

COSSU & LUKASIEWICZ, P.A., a
Florida profit corporation, JOHN L.
COSSU, CYNTHIA LUKASIEWICZ,
individually,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Tender of Full Payment and Motion to Dismiss Complaint With Prejudice (Doc. #42) filed on July 30, 2012.  Plaintiff filed a Response in Opposition to 12(h)(3) Motion to Dismiss (Doc. #44) on August 12, 2012.  Also before the Court is the parties' Stipulation of Dismissal With Prejudice (Doc. #47) filed on September 10, 2012.

Plaintiff initiated this case by filing a Complaint (Doc. #1) against defendants under the Fair Labor Standards Act to recover overtime wages, liquidated damages, declaratory relief, fees and costs.  Plaintiff alleges that she regularly worked between 45 and 50 hours per workweek from February 2009 through March 2011, and that defendants routinely required plaintiff to "flex" her overtime

hours so that she would be paid "comp" or "straight" time instead of time and one-half for hours worked in excess of the 40 hour workweek.  In response to the Court's Scheduling Order (Doc. #16), plaintiff filed Answers to Court Interrogatories (Doc. #20-1) providing that plaintiff was paid at a rate of $15.75 an hour and worked between 5 and 10 overtime hours each week for February 2009 through March 2011.  Plaintiff did not provide an estimate, but asserted that it was $295.94 at a minimum.  After a motion to compel, plaintiff filed Amended Responses to Court Interrogatories (Doc. #27-1) providing that the amount was at least $295.94 in unpaid overtime compensation, and the same amount for liquidated damages, and additional unknown wages based on the mishandling of vacation time.  The parties met in person on May 29, 2012, to discuss settlement without success.  (Docs. ## 29, 30.)  The parties thereafter participated in a settlement conference before the Magistrate Judge on July 11, 2012, but reached an impasse. (Doc. #40.)

Based on these sworn responses, and statements by plaintiff's counsel during settlement conferences, defendants state that plaintiff's "total claim cannot and does not exceed $471.08." (Doc. #42, ¶ 5.)  Therefore, defendants tendered two checks for $500.00 each to plaintiff, for unpaid overtime compensation and liquidated damages, without admitting any allegations of the claim and to moot any case or controversy.  In response, plaintiffs

specifically questioned how defendants arrived at $500 as the amount owed in unpaid overtime and because no evidence to support the amount was provided. (Doc. #44, p. 6.)

On August 27, the Eleventh Circuit Court of Appeals determined that settlement offers that do not offer full relief, that is, a judgment in plaintiff's favor, are merely promises to pay and therefore do not moot a case. Zinni v. ER Solutions, Inc., Nos. 11-12413, 11-12931, 11-12937, ___ F.3d ___, 2012 WL 3641911 (11th Cir. Aug. 27, 2012). See also Notice of Supplemental Authority (Doc. #46). Defendants' motion will be denied on this basis as the tender of payment is clearly only a promise to pay or payment if the checks have been issued and cashed.

Having determined that a controversy remains, the Court will consider the later filed Stipulation of Dismissal With Prejudice. The parties state that they reached an agreement for defendants to pay plaintiff $500 in unpaid overtime, $500 in liquidated damages, and $8,000.00 in attorney's fees and costs. Plaintiff asserts she has not compromised her claim, however this is clearly inaccurate as she did not agree to a general release or a confidentiality agreement, and is foregoing a judgment in exchange for the settlement funds. As the parties did reach a compromise, the Court must review and approve the terms of the settlement.

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of

> Labor is authorized to supervise payment to employees of unpaid wages owed to them.
>
> . . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Plaintiff is represented by counsel and there is a dispute as to the hours between plaintiff's pay stubs and records that are maintained by defendants with regard to vacation time. A review of the terms agreed upon reflect amounts in excess of the minimum amounts sought in the initial interrogatories, plaintiff is not providing a general release, and the attorney's fees and costs appear to be separate from the amount of overtime wages. Upon review, the Court finds that the settlement is a fair and reasonable resolution of the case.

Accordingly, it is now

**ORDERED:**

1. Defendants' Tender of Full Payment and Motion to Dismiss Complaint With Prejudice (Doc. #42) is **DENIED.**

2. The Stipulation of Dismissal With Prejudice (Doc. #47) is **approved** as a fair and reasonable resolution of a bona fide dispute.

3. The case is dismissed with prejudice. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of September, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record